



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed June 9, 2022

United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| IN RE: | § | CASE NO. 22-40998 |
| --- | --- | --- |
| | § | |
| Bonnie Linhart, | § | CHAPTER 13 |
| | § | |
| Debtor, | § | |
| | § | |
| U.S. Bank Trust National Association, as Trustee of Tiki Series III Trust | § | Hearing Date: June 8, 2022 |
| Movant, | § | Hearing Time: 9:30AM |
| | § | |
| Bonnie Linhart, Debtor | § | |
| John Michael Troia, Co-Debtor Respondent. | § | |

### AGREED ORDER MODIFYING AUTOMATIC STAY WITH IN REM RELIEF
(Doc #10)

---

ORDER ON MOTION TO TERMINATE AUTOMATIC STAY                                PAGE 1

Came on to be heard by the Court in the above-entitled bankruptcy proceeding the Motion For Relief from Automatic Stay and Co-Debtor Stay as 13401 Stacey Valley Drive, Azle, TX 76020, with In Rem Relief and Waiver of Thirty (30) Day Requirement [Doc. #10] (the "Motion").

Upon review of the file in the above-referenced case, the Court finds that proper notice of the Motion and Notice of Hearing was given pursuant to the Federal and Local Rules of Bankruptcy Procedure and that an objection to the Motion stay was timely filed by U.S Bank Trust National Association, as Trustee of the Tiki Series III Trust, its successors and assigns ("Creditor") and no other party has filed a timely objection. The Court finds that an agreement has been entered between the Creditor and Debtor regarding the imposition and continuation of the Automatic Stay subject to conditions between Debtor and Creditor U.S Bank Trust National Association, as Trustee of the Tiki Series III Trust.

U.S Bank Trust National Association, as Trustee of the Tiki Series III Trust is the holder of a Real Estate Lien Note (the "Note") dated July 19, 2007, executed by the Bonnie Jean Linhart in the original amount of $222,675.00.

The Note is secured by a Deed of Trust ("Deed of Trust"), dated July 19, 2007, against the Debtor's property located at 13041 Stacey Valley Drive, Azle, Texas 76020 and executed by Debtor and Co-Debtor John Michael Troia a/k/a John Troia as Pro Forma("Collateral Property") and further described as:

BEING LOT 16, BLOCK 2, OF PECAN VALLEY, AN ADDITION TO TARRANT AND PARKER COUNTIES, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET B, SLIDE 2948, OF THE PLAT RECORDS OF TARRANT COUNTY AND IN CABINET C, SLIDE 234, OF THE PLAT RECORDS OF PARKER COUNTY, TEXAS.

The Court having considered the Motion filed by Movant, any and all responses thereto, and the agreement of counsel, is of the opinion that the following Agreed Order imposing and continuing the Automatic Stay should be entered with conditions.

It is therefore, **ORDERED** that:

1. The automatic stay provided by 11 U.S.C. Section 362 shall remain in effect as to all creditors and shall be terminated with respect to the Collateral Property as hereinafter provided.

2. Debtor shall:

    A. Timely make all payments due to the Chapter 13 Trustee (the "Trustee") after the date of this Agreed Order by making payment directly to the Trustee and/or by payroll deduction through the Debtor's employer and/or by payroll deduction through the third party payroll deduction, with the amounts of such payments being made in the amounts required under the Chapter 13 Plan (the "Plan") as proposed, confirmed or modified; Debtor's Plan provides that Creditor U.S. Bank's pre-petition arrearage claim will be paid in the Plan through the Trustee; Debtor's Plan further provides that all post-petition on-going monthly mortgage payments to Creditor U.S. Bank, its successor and assigns, as provided therein, payment, will be made through the Trustee in accordance with the Trustee's on-going mortgage conduit payment procedures (unless otherwise ordered by the Court).

    B. To the extent that property taxes are not escrowed under the Note & Deed Trust, Debtor shall timely pay all ad valorem taxes assessed against the Collateral Property for 2022 and future years and provide continuous proof of payment of ad valorem taxes to Creditor U.S. Bank, its successor and assigns. Debtor has ten (10) days from the date of entry of this Agreed Order to produce certification of insurance coverage on the Collateral Property.

    C. To the extent that insurance is not escrowed, Debtor shall maintain insurance on the improvements on the Collateral Property and provide continuous proof of insurance to Creditor U.S. Bank, its successors and assigns.

    D. If Debtor fails to comply with Paragraph 2 of this Agreed Order Creditor U.S. Bank, it successors and assigns, must give Debtor and Debtor's counsel written notice of default by regular U.S. mail and by Certified U.S. mail. If the Debtor fails to cure the default within Ten (10) days of the date that notice was sent, it is a Final Default under this Agreed Order. Creditor U.S. Bank is only required to send two (2) notice of default under this Agreed Order. If there is a third failure to comply with the terms of Paragraph 2 of this Agreed Order, it is a Final Default and no further notice of an opportunity to cure must be given.

    E. Bankruptcy Rule 400l(a)(3), for good cause shown, shall not apply to, nor prohibit any actions taken by, Creditor U.S. Bank, its successor and assigns, its agents with respect to repossession, foreclosure and sale of the Collateral Property.

    F. Should Debtor's Chapter 13 case be converted to a Chapter 7 case, this Agreed Order shall nevertheless be binding on Debtor, and Debtor shall have thirty (30) days from the date of entry of the conversion order to bring any delinquent balance owed to Creditor U.S. Bank, its successors and assigns, under the Note current without the necessity of any written demand by said, and should Debtor fail to pay the delinquent amount by said thirtieth day, it is a Final Default and no further notice of an opportunity to cure must be given.

    G. Should Debtor voluntarily surrender the Property to Creditor U.S. Bank, its successors and assigns, by making such designation in an amended Plan and Schedule D or filing a motion to modify the confirmed Plan, the automatic stay shall TERMINATE without further order of this Court to permit Creditor U.S. Bank, its successors and assigns, its agents and assigns to exercise all rights accorded it under the Note, Deed of Trust and state law in order to take any actions permitted there under with respect to the Collateral Property, including but no limited to foreclosure and possession of the Collateral Property.

    H. The automatic stay shall remain in effect until (i) there is a Final Default under this Agreed Order; (ii) this case is dismissed; or (iii) Debtor receives their bankruptcy discharge. If the automatic stay terminates because there is a Final Default, Creditor U.S. Bank, its successors and assigns, must file a notice of termination of the automatic stay and upon termination of the automatic stay, U.S. Bank, its successors and assigns, its agents and assigns, may exercise all rights accorded it under the Note, Deed of Trust and state law in order to take any actions permitted there under with respect to the Collateral Property, including but not limited to foreclosure and possession of the Collateral Property.

    I. In the event the automatic stay is terminated pursuant to this Order, including termination by dismissal order, default or conversion, this order is an in-rem order as to the Collateral Property, and is unaffected by any bankruptcy filed within two years from the date of termination of the automatic stay as provided herein, by Debtor or Debtor's Husband John Michael Troa and any other party claiming an interest whatsoever in the Collateral Property.

3.     Movant shall immediately notify the office of the Standing Chapter 13 Trustee in the event that it forecloses its interest upon the collateral described in this Agreed Order pursuant to the terms of the Agreed Order.

---

**ORDER ON MOTION TO TERMINATE AUTOMATIC STAY**     **PAGE 4**

4.   Any check tendered to Trustee for any payment hereunder which is returned by Debtors' bank for any reason shall not be deemed a timely payment under this Agreed Order.

APPROVED AS TO FORM AND SUBSTANCE:

/S/ RICHARD E. ANDERSON
Richard E. Anderson
State Bar No. 01209010
4920 Westport Drive
The Colony, TX 75056
Telephone: (214) 276-1545 ext. 207
Facsimile: (214) 276-1546
**ATTORNEY FOR CREDITOR**

/S/
Eric Maskell
Lee Law Firm, PLLC
8701 Bedford Euless Road
Suite 510
Hurst, TX 76053

**ATTORNEY FOR DEBTOR**

### END OF ORDER ###